Jose A. Hernandez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Alfred W. Crump, Jr.,* with him *Marx, Ruth, Binder, Ward & Crump,* for petitioner.

*Daniel A. Schuckers,* Assistant Attorney General, with him *Bernadette A. Duncan,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, January 31, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying benefits to Jose A. Hernandez (Claimant). The Board determined Claimant was ineligible

for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e), concluding that his discharge resulted from wilful misconduct.

Claimant was employed by Rachlin Furniture (Employer) as a general helper on July 17, 1972. His last day of actual work was April 10, 1975. The Employer promulgated "Attendance Rules" which became effective for all employes on March 1, 1975, and a copy of the rules was given to the Claimant. The Employer's attendance policy consisted of a penalty point system, a certain number of points being assigned to the employe if he was late, left work early, or was absent. When an employe accumulated 100 penalty points or more, he was discharged. Points were assigned for tardiness, leaving work early, or absenteeism, whether with good cause or without good cause. However, an employe could erase 10 penalty points from his record by each week of perfect attendance.

The record discloses that the Claimant was absent from work, was late in arriving for work, or left work early on at least 8 occasions from March 1, 1975 until he received notification of the termination of his employment on April 15, 1975. The Claimant received a temporary suspension for the work days of April 1, 2, and 3 of 1975 because his penalty point total, although less than 100, had reached the disciplinary level. The Claimant was also absent from work on April 4. In addition, he was absent part of the day of April 11, 1975. On April 12, 1975, the Employer calculated Claimant's penalty points and determined that since Claimant had accumulated 100 points, he would be discharged. The Claimant failed to return to work on April 14, but did return for work on April 15, 1975. The Employer discharged him on April 15. The record discloses that on the day of actual notification of

termination, April 15, 1975, the Claimant had amassed 115 penalty points.

Claimant contends that there is not substantial evidence in the record to support the conclusion that his termination was for wilful misconduct. Alternatively, he argues that the penalty point system was unreasonable since it did not distinguish between absences for good cause and absences without good cause. We see no merit in either of these contentions.

Wilful misconduct is defined as a wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which an employer has a right to expect of an employe, or negligence which manifests culpability, wrongful intent, or an intentional disregard of the employer's interests or the employe's obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

At the time he was temporarily suspended, the Claimant had been warned that his conduct with respect to his attendance at work was not acceptable. Despite this warning, the Claimant failed to appear for work on April 4 and April 14 and did not explain his absences to the Employer. On April 11, the Claimant called the Employer to tell him he was having car trouble. Claimant finally arrived at work some 5 hours after his starting time. At the hearing, the Claimant admitted that after he had fixed his car, he then had gone on a personal errand before coming to work on that particular day.

The Claimant's accumulation of 100 points in the period of 6 weeks violated the well-defined standards of conduct expected of employes as set forth in the Employer's penalty point system. The Claimant clearly exhibited a deliberate disregard of his Employer's

reasonable attendance rules.[1] The Claimant's continued absenteeism and tardiness after the initial suspension shows a conscious indifference to the duty owed the Employer and amounts to wilful misconduct under Section 402(e) of the Act. *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 300 A.2d 308 (1973). There is substantial evidence present to support the findings of the Board. Accordingly, the Claimant was properly denied unemployment benefits under the Act. We affirm.

### Order

And Now, this 31st day of January, 1978, the order of the Unemployment Compensation Board of Review, denying benefits to Jose A. Hernandez, is hereby affirmed.

---

[1] The question of whether an accumulation of points based upon good cause alone may be proper grounds for the denial of benefits has not been presented and is expressly not decided here.