Pearl Anderson, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Andrw Erba,* with him *Edward Sparkman,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 7, 1981:
Petitioner (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits and allowing as timely filed the Employer's appeal from the Bureau (now Office) of Employment Security's determination granting benefits to Claimant.

Claimant herein is not challenging the decision of the Board on the merits. Rather, the issue before us is whether the Board properly concluded that the Employer's appeal from the Bureau's determination was timely filed pursuant to Section 501(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e).[1] We hold that it did not and must reverse.

---

[1] This section provides as follows:

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies

The Bureau, on February 1, 1979, issued a notice of determination which held that Claimant was eligible for benefits. The Employer filed an appeal from this determination on February 21, 1979, after the running of the 15 day period allowed for such appeals.

Following a hearing on both the procedural and the substantive issues, the referee found that the Employer's appeal was timely in view of the fact that the Bureau "issued a Notice of Determination to the employer dated February 1, 1979 reporting the employer's incorrect address." Respondent agrees, as an examination of the record reveals, there is no basis for this finding.

The Board affirmed the referee's denial of benefits and excused the Employer's failure to file a timely appeal from the Bureau's decision "because they [sic] did not receive a copy of the determination." The Board has the ultimate fact-finding authority, and may substitute its findings for those of the referee without a hearing. *Pastorius v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). Nevertheless, there. must be substantial evidence in the record to support the Board's finding. In this case there is none. The Employer's representative, in response to questioning as to whether the determination was ever received by the employer stated, "I had not at that time been working for the company, okay? So, I can't state, and they had told me that they had never gotten, uh, you know, a determination for the local office." This was the extent of the evidence pre-

---

for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

sented on this crucial issue. This is uncorroborated hearsay and cannot support a finding.

This leaves this record without substantial evidence on the two controlling issues—was the notice mailed and was it received. Since it was the Employer's burden to produce such evidence, his position must fall.

"In order for a late appeal to be effective, the party appealing bears the burden of proving that he or she was deprived of the right to appeal by fraud or its equivalent, *i.e.* wrongful or negligent conduct by the administrative authorities." *Effort Foundry, Inc. v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 356, 361, 415 A.2d 1263, 1265 (1980). It is not incumbent upon the administrative officials to present any affirmative evidence during the hearing. Rather, it is the Employer who must prove the allegations he has raised. *See Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975).

It follows, then, that the Employer may not be deemed to have pursued his rights to administrative review in a timely fashion under 43 P.S. §821(e). This conclusion renders the decision of the Bureau final, thereby prohibiting administrative reconsideration of the determination. We therefore reverse the order of the Board and remand the case for a computation of benefits.

Accordingly, we will enter the following

ORDER

AND Now, January 7, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-172853, dated May 31, 1979, is hereby reversed and this case is remanded for a computation of benefits.