James H. O'Donnel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 1, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*William D. Moyer, Jr.,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Karen Durkin,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 13, 1982:

In this unemployment compensation appeal, the claimant[1] questions a denial of benefits by the board,[2] reversing a referee's decision allowing benefits to claimant. The board's basis for denying compensation was the willful misconduct provision of the Unemployment Compensation Law.[3]

On March 27, 1980, the claimant, who had been employed by Kiester, McColgan and Son for fifteen years as a plumber, was discharged partly for violating a company rule governing the unloading of company trucks, as follows:

2. There will be no loading or unloading of your tools at your car. Loading and unloading will take place at the shop before 7:45 a.m. and after 4:45 p.m.

Also included as a basis for discharge was the allegation that some of the employer's property transferred

---

[1] James H. O'Donnel.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

by claimant from a company truck to claimant's automobile had been misappropriated.

The board's determination that claimant was guilty of willful misconduct, as to the loading place rule, is based on its Finding of Fact No. 2:

2. Claimant was found loading his car with materials from his truck at the shop in violation of company policy.

Although the referee did not make the same findings as the board, "[t]he board has the ultimate fact-finding authority, and may substitute its findings for those of the referee without a hearing." *Anderson v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 28, 30, 423 A.2d 1138, 1139 (1981).

There is no question but that the employer here met its burden[4] of proving the existence of the rule, as admitted by the claimant, and claimant has not contested its reasonableness.

Because the board found against claimant, who had the burden of proof on the matter of good cause for the violation,[5] our scope of review on that point is to determine whether the board capriciously disregarded competent evidence. *Stevens v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 242, 403 A.2d 221 (1979).[6]

---

[4] The employer has the burden of proving the existence of a rule and the fact of its violation, *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979).

[5] An employee, if attempting to justify a violation, has the burden of establishing good cause under the doctrine of *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

[6] We have defined capricious disregard of evidence as a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975).

Claimant's basis for asserting that he had good cause to ignore the rule was that, because he was taking a boy scout group camping for a week and thus leaving the truck unattended at work, he wanted to transfer the tools from the truck to his car for security purposes, just as he had done for one week in each of the preceding thirteen years.

However, this court, limited by our scope of review, cannot say that the board capriciously disregarded evidence in concluding that the claimant failed to establish good cause to justify his disregard of the employer's rule.

The claimant failed to present evidence indicating a necessitous and compelling reason for disobeying the rule,[7] and considering the employer's renewed effort to enforce the rule,[8] claimant must establish more than a sympathetic excuse.[9]

Accordingly, the order of the board is affirmed.[10]

---

[7] *Holomshek* indicated that because the *Frumento* doctrine followed the line of cases dealing with voluntary quit, a claimant who desires to establish "good cause" in a willful misconduct case must establish "a cause of a necessitous and compelling nature." *Holomshek* at 505-06, 395 A.2d at 709.

[8] Although the rule had not been enforced for many years, the record indicates that the employer sent out well-placed notices to the employees dated March 21, 1980 stating that the rule in question was to be strictly enforced as a result of recent complaints.

[9] *See, e.g., Lincoln v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 643, 419 A.2d 236 (1980) (unexcused absence from work one Saturday to allow an appraiser to view employee's home did not constitute "good cause") ; *Jimenez v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 434, 417 A.2d 870 (1980) (preparation for graduate school final examinations insufficient to establish "good cause" for missing one day of work when employer refused to excuse employee).

[10] Because this court has upheld the board's conclusion that the claimant was guilty of willful misconduct after he disobeyed the employer's rules, it is unnecessary to consider whether the board could have found, by substantial evidence, that the claimant, in fact, misappropriated the employer's tools.

ORDER

Now, April 13, 1982, the order of the Unemployment Compensation Board of Review, decision No. B-186375, dated July 30, 1980, is hereby affirmed.