Carlos Quinones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Julio Matos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Luciano Rosado, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*David A. Scholl,* for petitioners.

*Charles G. Hasson,* Assistant Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 15, 1982:

Carlos Quinones[1] appeals an Unemployment Compensation Board of Review order affirming a referee's denial of benefits. We vacate and remand.

Quinones was a laborer at Nu-Econo-Brick. Because his work area was poorly heated, he was permitted to leave. Upon returning two days later, his job was gone.

The Employment Security Office found a voluntary quit and denied benefits under Section 402(b) of the Act.[2] On appeal, the referee affirmed the denial but for a different reason of willful misconduct due to excessive absenteeism under *Section 402(e).*[3] The Board affirmed the referee.[4]

---

[1] This appeal was consolidated with the appeals of Julio Matos and Luciano Rosado.

[2] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[3] 43 P.S. §802(e).

[4] Before this Court, the Board now argues that Quinones *voluntarily quit* rather than arguing in support of its conclusion that Quinones was guilty of willful misconduct.

Quinones contends that he was awaiting recall. Neither the Board nor the referee considered this explanation for his absence.

In a willful misconduct case, the employer has the burden of proving misconduct. *Wing v. Unemployment Compensation Board of Review,* Pa. , , 436 A.2d 179, 181 (1981).

The question of whether a claimant voluntarily quit or was fired is one of law subject to our review, *Wing,* as is his burden of rebutting the quit finding. *O'Donnell v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 105, , 443 A.2d 864, 865 (1982). There is insufficient evidence for us to make that legal determination. We will not infer from the absence of findings on a relevant issue that the issue was resolved against a claimant.

Vacated and remanded.

ORDER

The Unemployment Compensation Board of Review Orders, Nos. B-200356, B-200357 and B-200358, all dated October 20, 1981, are vacated and the cases are remanded to the Board for the making of new and adequate fact finding.