Samuel R. Corbin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges ROGERS, WILLIAMS, JR. and Senior Judge KALISH, sitting as a panel of three.

*Dennis I. Turner,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 25, 1985:

Samuel R. Corbin (claimant) petitions for review of the order of the Unemployment Compensation Board of Review affirming and effectively adopting the decision[1] of a referee denying extended benefits

---

[1] We note several errors in the dates of the claimant's suspensions in the referee's findings which if accurate would have resulted in such findings being inconsistent with the conclusion of law, yet the board took no action to make the necessary corrections. In our attempt to clarify the resulting confusion, we found it to be compounded by the Office of Employment Security's issuance of several Notices of Determination in this case which also contained conflicting information as to the claimant's last day of work. We believe that, inasmuch as the board is the ultimate fact finder in

due to willful misconduct connected to his work[2] and holding him in receipt of a non-fault overpayment of benefits.[3]

The claimant was employed by the Braun Baking Company—ITT (employer) and his last day of work was October 23, 1980. He was scheduled to report to work on October 24, 1980 at 1:30 a.m., but overslept and did not report. He did not contact the employer until approximately two hours after the start of his shift. In his capacity as a union steward, he had attended a grievance meeting on October 23, 1980 which was not concluded until 6:30 p.m. and he ascribed his oversleeping to what he felt was an insufficient amount of time between the meeting and the start of his shift.

He was discharged the following day when he picked up his paycheck because this incident resulted in his exceeding the point total for discharge under the employer's attendance control program. This program, which was initiated with the approval of the claimant's union, established a system of assigning points for various attendance violations and operated progressively through stages of warning and suspension to discharge. The employer complied

---

unemployment compensation cases, *see* Section 504 of the Unemployment Compensation Law (Act), Act of December 15, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §824, and *O'Donnel v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 105, 443 A.2d 864 (1982), such confusion should be resolved by the board before a case reaches this Court.

[2] Pursuant to Section 402-A of the Act, 43 P.S. §812, generally, an individual shall not receive extended benefits for any week for which such individual would be ineligible for the payment of regular unemployment compensation benefits. Section 402(e) of the Act, 43 P.S. §802(e), provides that an individual shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected to his work.

[3] Section 804(b) of the Act, 43 P.S. §874(b).

with the warning and suspension stages of the system and in August, 1980 when the claimant was suspended for five days for absenteeism and tardiness, he was advised in a letter from his supervisor that he had accumulated thirteen points and that one more point would result in his discharge.

The only issue raised by the claimant for our review is whether the referee erred by admitting the employer's Exhibit No. 3 into evidence.

The claimant contends that the employer's Exhibit No. 3, a document showing his history of absenteeism and tardiness under the point system, should not have been allowed into the record because of its hearsay nature and because it allegedly contains inaccuracies. However, even though Exhibit No. 3 was prepared expressly for the referee's hearing and, therefore, is not within the purview of the business records exception, *see Spence v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 204, 409 A.2d 500 (1979), the claimant, who appeared at the hearing without counsel, specifically declined to object to its admission when offered the opportunity to do so by the referee. Therefore, if corroborated by any competent record evidence, the fact finder was free to give the hearsay its natural probative effect. *Jones v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983). Our review of the record discloses that the claimant's own testimony is replete with sufficient corroboration and that his testimony could, in and of itself, constitute the requisite competent evidence to provide the substantial evidence[4] necessary to sup-

---

[4] The employer, the burdened party, prevailed below, hence, our scope of review is to determine whether there is substantial evidence to support the findings of fact or there has been an error of law. *Jones.*

port the findings of fact. *Drayton v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 51, 434 A.2d 1320 (1981). Consequently, we must reject the argument that it was error to admit Exhibit No. 3.

Next, we must determine whether the claimant's conduct constituted willful misconduct. Despite being specifically warned in August, 1980 that another incident of absenteeism or tardiness would result in his discharge, the claimant was absent from work on October 24, 1980 without good cause and he did not report off until two hours after the start of his shift. Similar conduct was held to constitute willful misconduct in *Hernandez v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 416, 381 A.2d 1351 (1978), and we believe that the claimant's conduct here also rose to the level of willful misconduct. Therefore, he must be held to be ineligible for extended benefits.

Finally, the claimant has admitted his receipt of the benefits which were administratively held to be a non-fault overpayment and in view of our holding as to his eligibility, we will also affirm that conclusion.[5]

Accordingly, we will affirm the order of the Unemployment Compensation Board of Review.

ORDER

AND Now, this 25th day of January, 1985, the order of the Unemployment Compensation Board of Review, Decision No. B-216197, is affirmed.

---

[5] Again, we must note that the referee's finding as to the overpayment is nothing more than a recitation of the procedural history and while we normally remand for appropriate fact-finding in the absence of necessary findings, *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975), we believe that in view of the claimant's admission of receipt of these benefits, it is unnecessary to do so in this case.