Jacob Kutchera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensatiton Board of Review, Respondent.

Submitted on briefs February 2, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*David Cohen,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

180

Opinion by Judge Blatt, March 29, 1983:

Jacob Kutchera (claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and held that, because of his willful misconduct, he was not entitled to benefits under Section 402(e) of the Unemployment Compensation Law.[1]

While employed as a machinist, the claimant was working on an order for 32 production pieces, (16-inch stainless steel rings). In machining one of these rings, he noted that the coolant came off of the drill, producing a defective piece, but instead of reporting this defective piece to his supervisor as the employer's rules required, he decided to lock it in his assigned locker and attempt to fix it later. Ten days passed, however, during which time the part remained in the claimant's locker. The employer, upon receiving information that a production piece belonging to the company was secured in the claimant's locker, began an investigation which revealed that only 31 of the 32 rings ordered had been sent to the subcontractor, and that the missing ring was locked in the claimant's locker.[2] The claimant was then discharged.

The burden of proof in willful misconduct cases rests on the employer. *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). And where, as here, the party with the burden of proof prevailed below, our scope of review is limited to a determination of whether or not the record, taken as a whole, contains substantial evidence to support the Board's conclusion.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The investigation also revealed that the claimant had four five-pound boxes of the employer's powdered hand soap in another locker which was under his control.

*Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

In the instant case, the Board found that the claimant was aware of the employer's requirement that defective work must be reported, and that he failed to comply with this requirement. A review of the testimony indicates that these findings have ample support in the record inasmuch as the claimant *admitted* them.

The crux of the claimant's appeal, however, is that he was not guilty of willful misconduct because he did not intend to "steal" the part. While this might well be true, he obviously misunderstands the term "willful misconduct", which we have defined as:

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Simpson v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 120, 125, 450 A.2d 305, 308 (1982).

The claimant's failure to report the defective ring to his supervisor was both a deliberate violation of the employer's rules and a willful disregard of the employer's interest.[3] As a result of his actions, the custom-

---

[3] In explaining why the claimant's failure to report the defective piece considerably harmed the employer's interest, William T. Schuman, Personnel Manager, testified as follows:

> the impact of doing something like that #1 leaves us short with a very good customer, we have to make up the part. #2 as a good example we have not received an order from this particular customer since that incident. #3 if we allow something like this to go unchecked we will soon go down the drain if everybody everytime they had a problem on the job threw it in their locker and didn't tell us about it.

er's order was short. Furthermore, the testimony indicated that to make one ring individually would cost the employer between $500 and $600, as opposed to the cost of $225 per piece which it would have cost to make the ring in the required quantity of 32 pieces.

After a careful review of the record, which, we believe, clearly contains substantial evidence to support the Board's conclusion that the claimant was discharged because of his willful misconduct, we will affirm the order of the Board.

## ORDER

AND Now, this 29th day of March, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.