Kathy J. Swope, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

460

Submitted on briefs July 22, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert C. Rowe, Rowe, Enck & Keys*, for petitioner.

*Harry R. Harmon*, with him, *Randall N. Sears, Harmon & Associates*, for respondent/intervenor.

OPINION BY JUDGE COLINS, September 3, 1985:

On February 15, 1983, pursuant to company disciplinary rules, Kathy J. Swope (claimant) was terminated from her employment as a production worker for M & M Mars, Inc. The termination followed a company investigation which resulted in claimant's being charged with the perpetration of an act of sabotage. The company began the investigation after a salesman opened a sealed box of candy bars in the presence of a customer and found several candy bars missing from the box and the notation "Sucker!!" handwritten on the inside of the box. The Unemployment Compensation Board of Review (Board) affirmed a referee's decision denying claimant benefits on the ground of willful misconduct under Section

402(e) of the Unemployment Compensation Law,[1] and this appeal followed.

On appeal, claimant contends that the evidence produced at the hearing was insufficient to support the findings of the referee, as affirmed by the Board. This is so, she claims, because the two handwriting experts who testified at the hearing and identified the handwriting on the box as claimant's, analyzed only 20 employment applications submitted to them from a total of 500 company applications. Claimant further alleges that the Board erred in finding willful misconduct because not only did she testify to the fact that she had no access to the box of candy in question, but she also presented witnesses who testified to the same fact. We disagree.

The Board, as ultimate fact finder, determines the weight and credibility of the evidence presented to it and is free to reject even uncontradicted testimony. *Eduardo v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981). We are bound by the Board's findings of fact where supported by the evidence. Here, where the employer who had the burden of proof prevailed below, our scope of review is limited to a determination of whether or not the record, taken as a whole, contains substantial evidence to support the Board's conclusion. *Kutchera v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 179, 457 A.2d 1023 (1983).

Evidence at the hearing before the referee included the testimony of James Harding, Personnel Director of the company, who conducted the investigation of the incident in question. Mr. Harding testified that through an analysis of the glue on the sabotaged box

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

of candy and the code on the box, officials identified the day of the incident and traced the product to the factory at which claimant was employed and to claimant's shift on the production line. Two witnesses, conceded by claimant at the hearing to be experts in handwriting analysis, testified that their analyses matched the handwriting on the box to claimant's handwriting on her employment application. Furthermore, Joan Rutt, Personnel Supervisor for the company, testified that such an act of sabotage was a major violation of a company rule made known to all employees.

This evidence supports a finding of willful misconduct because it clearly links claimant with the act of sabotage and establishes a deliberate violation of company rules and a disregard of standards of behavior which the employer has a right to expect of an employee. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. Commonwealth Ct. 81, 351 A.2d 631 (1976).

Since we have decided this case on the merits in favor of the employer, we need not address employer's contention that the Petition for Review should be quashed because of certain defects in claimant's appellate brief resulting in non-compliance with Pa. R.A.P. 2116.

For the reasons stated above, the order of the Board is affirmed.

### ORDER

AND Now, September 3, 1985, the order of the Unemployment Compensation Board of Review, No. B-219847, dated July 13, 1983, is affirmed.

Judge BARRY did not participate in the decision in this case.