Adept Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Deborah A. Hughes,* for petitioner.

*Francine Ostrovsky,* Assistant Counsel, with her, *Richard Wagner,* Chief Counsel, *Robert Skwaryk,* Associate Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 23, 1981:

This is an appeal by the Adept Corporation (employer) from an order of the Unemployment Compensation Board of Review (Board). The Board's order affirmed the decision of a referee which held that Larry D. Colbert (claimant) was entitled to receive unemployment compensation benefits because he had not engaged in willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The claimant worked for the employer from October 25, 1979 until his discharge on April 25, 1980. During the course of his employment, he developed a history of absenteeism. Because of this, the employer

reprimanded the claimant and issued a written notice of probation to him on March 28, 1980. It stated that all employees were expected to work a 40-hour week "except for circumstances of illness emergencies and/ or personal business" and informed the claimant that he was placed on probation for 2 weeks. The notice warned him that, unless his work hours met the employer's expectations, he would be discharged.

On April 21 and 22, 1980, the claimant, who lived 12 to 13 miles from work, was absent from his job because of automobile trouble. He properly notified the employer of the cause of his impending absence. At that time, the employer did not inform the claimant that he would lose his job if he did not appear at work. The claimant returned to work on April 23, 1980 and worked until the end of the day on April 25, 1980, when he was dismissed for excessive absenteeism. On April 27, 1980, he filed an application for unemployment compensation benefits. The Office of Employment Security found the claimant ineligible for benefits. Following a hearing, a referee reversed that determination and awarded benefits to the claimant. The Board adopted the referee's findings of fact and conclusions of law and sustained his decision. This appeal followed.

The employer contends that several of the referee's findings of fact are unsupported by substantial evidence and that the claimant's history of absenteeism constituted willful misconduct. We reject both contentions.

The burden of proving willful misconduct so as to render a claimant ineligible for unemployment compensation benefits is on the employer. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). In this case, the burden was on the employer to prove that the claimant's absenteeism rose to the level of willful mis-

conduct. Absenteeism in and of itself does not amount to willful misconduct. *Donahue v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 139, 400 A.2d 251 (1979). Even excessive absenteeism, where justified or where properly reported according to company policy, although a legitimate basis for discharge, does not constitute willful misconduct or disqualify a claimant from receiving unemployment compensation benefits. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980). Evidence in the record supports the referee's finding that the claimant always properly reported his absences. The claimant received permission, on several occasions, to be absent from work for various personal reasons. The balance of the claimant's absences were due to illness for which he frequently sought medical attention.

Nor did the claimant's absence on April 21 and 22, 1980 amount to willful misconduct. When an employee has good cause for his conduct and can show that his actions were justifiable or reasonable under the circumstances, he may not be charged with willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). In this instance, the claimant was absent on April 21 and 22, 1980 because his car would not start and required mechanical attention. The claimant promptly and correctly reported the reason for his absence. He attempted to secure an alternative means of transportation to work but was unable to do so. No evidence in the record suggests that public transportation was available to the claimant. He was never informed that a failure to somehow get to work would result in his discharge. His probation period, moreover, had ended on or about April 11, 1980. Finally, the claimant returned to work as soon as his automobile was repaired.

If a claimant is absent because of transportation problems beyond his control and properly reports his necessary absence, he may not be found to have engaged in willful misconduct and unemployment compensation benefits may not be denied on that ground. *See Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979); *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974). This principle was acknowledged in the probation notice that the employer sent to the claimant. It implied that absence based upon "emergencies" was a legitimate exception to the 40-hour work requirement. In view of his several absences, the employer may have regarded the claimant as a less than satisfactory employee. While the employer was justified in discharging the claimant because of his absences, a denial of unemployment compensation benefits may not be maintained on the record in this case.

We therefore enter the following

### Order

AND Now, this 23rd day of November, 1981, the order of the Unemployment Compensation Board of Review, dated September 22, 1980, awarding unemployment compensation to Larry D. Colbert, is hereby affirmed.