Maureen Verner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 5, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 3, 1984:

This is an appeal from an order of the Unemployment Compensation Board of Review (board) affirming a referee's decision denying the claimant unemployment compensation benefits because she was dis-

charged from her position as a Pennsylvania State Police trooper for willful misconduct.[1]

The claimant was employed by the Pennsylvania State Police (employer) from October 11, 1979 until her discharge on March 31, 1981. As a new member of the force, the claimant was required to serve a statutorily mandated eighteen month probationary period from the date of hire, during which time she could be dismissed without a showing of good cause and without the procedural safeguards available to enlisted members with at least eighteen months of service. Section 711 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §251. Eleven days before the expiration of the probationary period, the claimant was dismissed. The Pennsylvania State Police gave as its reason for her dismissal "repeated incidents of tardiness" on the claimant's part.

At the referee's hearing, the claimant agreed that she was late for work eight times before her last incident of lateness on January 6, 1981. She testified that on that date she was twenty minutes late for work because she had left her uniform at home and had to return to get it. The record shows that a disciplinary report was submitted as a result of this incident but that no other action was ever taken. The claimant was dismissed more than two and a half months later, on March 31, 1981.

The employer's representative testified to the existence of a State Police Force regulation requiring employees to report for duty on time but he did not have a copy of the regulation with him at the hearing and if the regulation does exist on paper it is not in this record. The employer did introduce a form signed

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

by probationary employees in which they express their understanding that they may be dismissed for violations of rules without action of a court martial or right of appeal.

Based on this evidence, the board made the following relevant findings:

3. During the probationary period, the employer could discharge the claimant for any violation of the employer's rules.

4. The employer required employees to report on duty at the time scheduled.

5. During the period from October 11, 1979 to January 5, 1981, the claimant was tardy eight times.

6. On January 6, 1981, the claimant was tardy for work because she forgot her uniform.

7. On March 31, 1981, the claimant was discharged for being tardy.

The board wrote in discussion that the claimant "knowingly violated her employer's rules to report for duty on time. . . . Because the claimant was in a probationary period and because the state police require discipline, the claimant's conduct did constitute willful misconduct. . . ."

The claimant first contends that the employer did not carry its burden of proving willful misconduct and that the board erred in concluding that it had. Whether or not an employee's conduct constitutes willful misconduct is a question of law subject to our review, and we must make that determination in light of all the circumstances, including the reasonableness of both the employer's expectations and the claimant's conduct. If the claimant's conduct was reasonable or justifiable under the circumstances, she cannot be said to have engaged in willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Willful misconduct has

been held to be conduct which evidences a willful or wanton disregard of an employer's interests, a deliberate violation of the employer's rules or negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Constant or excessive tardiness may be considered to be evidence of a conscious disregard of an employer's interests and tardiness which persists in the face of multiple warnings or enunciated standard policy may constitute willful misconduct. *Dotson v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 248, 425 A.2d 1219 (1981); *Tundel v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979). But "occasional tardiness is insufficient to support the legal conclusion of willful misconduct" and "a finding of occasional lateness without concomitant evidence and findings of promulgated standard policy or warnings of the consequences will not support the denial of benefits. . . ." *Tundel* at 317, 404 A.2d at 436. The claimant was clearly only occasionally tardy. If she worked five days a week, the fact that she was late nine times would also show that she was on time at least 371 times. The claimant in *Dotson* who lost his case was late 20 times and absent 5 times in four and a half months and was habitually late and absent after two suspensions.

However, as we have noted, occasional tardiness may constitute willful misconduct if committed in the face of explicit warnings or enunciated standard policy. *Tundel, supra.* The referee makes no finding of a warning, although the claimant writes in her summary of interview, that once, when she was tardy, she was warned that she might be put on report if she re-

peated the offense. The regulation which the employer's representative said existed can hardly be described as sufficient evidence of an enunciated policy.

The Board of Review apparently concluded that the claimant's status as a probationer subject to dismissal without recourse and the need for discipline in the police force together somehow elevated the claimant's occasional tardiness to the level of willful misconduct.

We know of no authority for the proposition that the conduct of a probationary employee must be judged differently from that of one on regular status for unemployment compensation purposes. Nor does it follow, because the employer is a law enforcement agency, that occasional incidents of tardiness, not willful misconduct in the case of other workers, become such in the case of police officers. No showing was made on this record as to how, if at all, the claimant's conduct impaired the employer's ability to maintain discipline. The board relies on *Lower Gwynedd Township v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 646, 404 A.2d 770 (1979) for the proposition that police officers are held to a higher standard than that applied to other workers because of their position of responsibility and trust. That case, however, concerned a police officer who was suspended for threatening fellow officers that he would not come to their support in an emergency.

A higher standard applied to police officers was described in *Cerceo v. Darby*, 3 Pa. Commonwealth Ct. 179, 183, 281 A.2d 251, 255 (1971) to mean that "in both an officer's private and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is a repository." This principle has no application to occasional tardiness.

144

The circumstances of the claimant's lateness of January 6, 1981 evidence no deliberate or wanton disregard on the claimant's part of her employer's interests; and the fact that the employer dismissed the claimant more than two months later would suggest that the offense was not considered remarkable at the time of its commission. We conclude that the employer, which indeed treated this matter quite casually, did not prove that the claimant was guilty of willful misconduct and that the claimant is eligible to receive unemployment compensation benefits.

Order reversed.

ORDER

AND Now, this 3rd day of February, 1984, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded for the computation of benefits. Jurisdiction is relinquished.

Judge MACPHAIL dissents.