Craig Price, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges Craig, Palladino and Barbieri, sitting as a panel of three.

*Lee David Moses,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 15, 1984:

Craig Price, Claimant, appeals from a referee's decision denying him unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e) (willful misconduct). The Unemployment Compensation Board of Review (Board) affirmed the referee's determination.

Claimant worked as a machine operator for Mac Plastics, Inc. (Employer) from April, 1980 through April 23, 1983. Claimant was scheduled to work on April 24, 1983, but was unable to get to his Employer's facility because his own vehicle was inoperative. Claimant had made arrangements to ride to work with a fellow employee but learned shortly before Claimant was to report for work, that the co-worker was ill and

could not give Claimant a lift to work. Claimant promptly notified his Employer that he could not come into work that day. The Employer did not inform Claimant of any consequences of his not coming to work; nevertheless, Claimant was discharged the following day.

The Employer never appeared at the referee's hearing nor was any testimony offered in its behalf.[1] The referee found that Claimant had been warned previously regarding his attendance at work but there is testimony in the record which supports Claimant's assertion that he had good cause for his previous absences.[2] In his decision, the referee states that: ''Claimant, however, does not appear to have made an

---

[1] The Employer requested a continuance five minutes before the hearing was to begin, which the referee denied.

[2] Referee: Have you ever been warned about your attendance at work?

Claimant: Previously to that, Yeah, I was warned. (inaudible) Let's see, I got a notice in—O.K. My father passed away and I hitch-hiked the week after my father, you know, it a—was the week from the 4th to the 9th, I hitch-hiked, and then on the 11th, 12th, 13th, I missed with a doctor's excuse, but when I got back to work on the 14th, he gave me a notice, my 2nd Notice, was on the 12th, he gave it to me right then and I objected to the notice because I had, was excused and he said, Well, we went through a hassle on it. He said, Well, he was giving it to me for before that and well, before that had been when my Father had died, so, I said, you know, he couldn't do it. . . . They gave me my 2nd Notice on the week after I had the Strep Throat which was the 21st, I had, called off the 19th, 20th, 21st and 22nd, because of no ride and I just go [got?] over a Strep throat, and standing out there in the rain and cold, and trying to hitch-hike at Midnight, I had already asked him previously the week of the 4th, the 9th, had asked him 3 times to switch my shifts if possible, and he said he wouldn't do it. . . .

N.T., p. 6.

adequate effort to obtain alternate transportation. . . ." We disagree. Claimant's efforts to obtain transportation to work were reasonable, especially in light of the fact that there was no public transportation available.[3]

Although a finding of willful misconduct may be properly made when the finding is based solely on the claimant's own testimony,[4] we believe that the referee erred in concluding that the Employer in the case at bar carried his burden of proof. Indeed, we note the factual similarity between the instant appeal and that in *Adept Corporation v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 566, 437 A.2d 109 (1981). The claimant in *Adept* had acquired a history of absenteeism which culminated one day when the claimant was unable to get to work because of automobile trouble. He notified his employer who did not inform him that his job was in jeopardy if he did not come to work. Claimant was dismissed for his absenteeism immediately thereafter. Holding that the claimant's actions fell short of willful misconduct, Judge MENCER[5] declared that:

> If a claimant is absent because of transportation problems beyond his control and properly reports his necessary absence, he may not be found to have engaged in willful misconduct and unemployment compensation benefits may not be denied on that ground.

[3] N.T., p. 5.

[4] See *Fritzo v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 268, 274, 429 A.2d 1215, 1219 (1981); *Rodgers v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979).

[5] Judge GLENN E. MENCER, was a distinguished member of this Court before becoming a Judge on the United States District Court for the Western District of Pennsylvania.

62 Pa. Commonwealth Ct. at 570, 437 A.2d at 111. Accordingly, we reverse the Board's decision and grant Claimant unemployment compensation benefits.

ORDER

AND Now, November 15, 1984, the decision of the Unemployment Compensation Board of Review, No. B-221129, is reversed and benefits are granted.