Patricia J. Green, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 20, 1984, to President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*James Bukac,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, January 24, 1985:

Patricia J. Green (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits pursuant to Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §752. (A claimant is ineligible for benefits where she is unemployed through her own "fault.")

The claimant, a licensed practical nurse, was employed by Polk Center, a Commonwealth institution for the mentally retarded operated by the Department of Public Welfare (employer), for a period of fifteen months ending in March 1983. During part of that time, from November 1981 until August 1982, she received welfare benefits from the Department of Public Assistance, but did not report to that Department her income from employment at the Polk Center. After learning that the claimant had been charged with making false statements to obtain public assistance, the Department of Public Welfare investigated the charges and subsequently dismissed her.

Her application for unemployment compensation benefits was denied by the Office of Employment Security under Section 402(e) of the Law, 43 P.S. §802(e) (willful misconduct). The referee, however, determined on appeal that the employer's reason for dismissing the claimant was not work related and, therefore, denied benefits pursuant to Section 3 of the Law,[1] which provides that a claimant is ineligible for benefits where her unemployment is due to her own fault. The Board affirmed the referee's decision and the present appeal ensued.

The claimant raises two legal issues: (1) that the Board erred as a matter of law when it concluded that she was unemployed through her own fault; and (2) that the offending conduct was too remote in time from her dismissal to constitute a basis for a subsequent denial of unemployment compensation benefits. And, of course, our scope of review includes all questions of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

---

[1] The parties agreed at the hearing before the referee to proceed under Section 3 of the Law rather than pursuant to Section 402(e) of the Law.

Although the claimant admits that she received welfare payments illegally,[2] she argues that her actions were not sufficiently related to her job at Polk Center so as to warrant the denial of unemployment compensation benefits. Relying on *Drumm v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 449, 462 A.2d 345 (1983), she contends that the Board erred here in that the charge had no direct effect on her ability to perform her job, it did not result in adverse publicity for the employer who was never identified by the media coverage, it did not lead to disruption in the work place and, moreover, her position as a practical nurse at Polk Center did not require her to deal directly with the public.

In *Drumm*, we reversed a Board decision which held that a machine operator at Anchor Hocking Corp., who had been arrested on morals charges, was ineligible for unemployment compensation benefits pursuant to Section 3 of the Law. We concluded that the record in that case failed to reflect a sufficient nexus between the conduct attributed to the claimant and his ability to perform his job. We reiterated our position as earlier stated in *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917 (1976) that

> [i]n order to deny compensation under Section 3 of the Act [Law], more is needed than mere evidence of an *arrest* for a crime. The em-

---

[2] The record reveals that the claimant later pled guilty to the charges. We note, however, that in our review of this case we are only concerned with whether or not the charge constitutes a basis for denying benefits under Section 3 of the Law since the employer suspended and later dismissed the claimant on the basis of the charge alone. *See Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979) (the Board may not rely on reasons for discharge that were not considered by the employer).

ployer must present some evidence showing con-
duct of the claimant leading to the criminal ar-
rest which is inconsistent with acceptable stan-
dards of behavior and which *directly* reflects
upon his ability to perform his assigned duties.
(Emphasis in original.)

The claimant in *Drumm* never admitted to the charges
brought against him nor was the employer there able
to offer any evidence to establish that the claimant's
alleged behavior was incompatible with his duties as
a machine operator.

Here, however, we believe that the claimant admit-
ted to defrauding her employer when she testified at
the hearing before the referee that she had continued
to receive welfare payments after beginning her job
at Polk Center and that she had not reported her new
income to the Department of Public Assistance, even
though she was aware of her obligation to do so. We
have previously held that an admission of fraudulent
activity perpetrated against the employer establishes
both an unacceptable standard of behavior and *direct-
ly* reflects upon a claimant's ability to handle her
duties, inasmuch as an employee owes her employer
both loyalty and honesty. *See Wilson v. Unemploy-
ment Compensation Board of Review,* 58 Pa. Common-
wealth Ct. 531, 428 A.2d 288 (1981). We believe, there-
fore, that *Drumm* is not controlling.

The claimant also argues that the offending con-
duct here—*i.e.* the illegal acceptance of welfare pay-
ments—was too remote in time from her dismissal to
constitute a basis for their denying unemployment
compensation benefits. *See Tundel v. Unemployment
Compensation Board of Review,* 44 Pa. Commonwealth
Ct. 312, 404 A.2d 434 (1979). While it is true that the
claimant here had not received any welfare payments
since August 1982 when she was discharged in March

1983, the record reveals that as soon as the employer *learned* of her fraudulent acceptance of welfare payments, it investigated the report and suspended the claimant. We believe that the employer here acted swiftly and efficiently once it knew of the offending behavior and, of course, the employer can not be expected to act prior to the time at which it learned or should have learned of the employee's wrongful act.

Accordingly, we will affirm the order of the Board.

ORDER

AND Now, this 24th day of January, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.