Pagerly Detective and Security Agency, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 29, 1985, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Kenneth C. Myers, Calvin Lieberman & Associates,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 2, 1985:

Pagerly Detective and Insurance Agency, Inc. (Employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) which reversed the decision of the referee and awarded benefits to George R. Oister (Claimant).

On November 10, 1982 Claimant was discharged from his position as a security guard with Employer's agency. Prior to his dismissal, Claimant was the subject of various reprimands which had resulted in his demotion from the rank of lieutenant to corporal. Claimant's application for unemployment benefits was denied by the Office of Employment Security, which determined that Claimant was ineligible under Section 402(e) of the Unemployment Compensation Law (Law)[1] (willful misconduct). On appeal, the referee affirmed this determination, finding that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant's discharge was the result of a meeting held between Claimant and Employer on November 10, 1982, in which Claimant refused Employer's request that another employee who had accompanied Claimant to the meeting as a witness leave the room. The referee made the following finding on this issue:

9. The claimant thereafter informed this witness to remain in the meeting site after which employer reiterated the request for claimant's witness to leave. Again, the claimant insisted that his witness remain at the work site meeting area. A similar exchange ensued between the employer and the claimant on this issue for approximately three or four minutes after which the witness chose to leave the meeting area. . . . [T]he employer determined that in light of claimant's countermanding the employer's instruction for the witness to leave, the claimant's actions warranted a discharge for that reason and the claimant was so discharged on or about November 10, 1982.

The referee concluded that Claimant's conduct constituted willful misconduct under Section 402(e) of the Law, and denied benefits accordingly. The referee's decision was initially affirmed by the Board on March 9, 1983. Thereafter the Board granted Claimant's request for reconsideration, and on July 14, 1983, issued a new decision which contained the following findings of fact:

2. In October, 1982, claimant was requested on two occasions to provide his employer with a list of all employees who indicated that they wanted a union to represent them.

3. Claimant on both occasions, refused to provide such a list.

4. Claimant, at the time the requests were made to him, held the rank of lieutenant and after he refused the employer's request, was demoted to the rank of corporal.

5. Shortly before claimant's last day of work, he was given four written reprimands on the same day.

6. On November 9, 1982, the employer terminated claimant.[2]

The Board concluded that these facts showed that claimant was discharged for being an "unsatisfactory employee", and that such did not rise to the level of willful misconduct. Accordingly, the Board reversed the referee's decision and granted benefits.

On appeal to this Court the Employer contends that the Board erred in disregarding the evidence concerning the November 10th meeting between Claimant and Employer, and in failing to accept the referee's finding on this issue.[3]

Initially we note that the Board is the ultimate finder of fact and has the power to affirm, modify or reverse the determination of the referee. *Bermudez v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 602, 457 A.2d 190 (1983). The Board may not, however, simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so. *Treon v. Unemployment Compen-*

[2] We note that this date conflicts with the date of termination given consistently throughout the record, November 10, 1982.

[3] Our scope of review, where the party with the burden of proof failed to prevail below, is to determine whether findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Roadway Express, Inc. v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 182, 473 A.2d 239 (1984).

*sation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982); *Hinds v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 68, 474 A.2d 422 (1984). Since in this case, the Board did not state its reasons for disregarding the referee's findings concerning the November 10th meeting, we must determine whether such findings were based upon consistent and uncontradicted testimony.

A review of the record indicates that it was essentially undisputed that a meeting was held, that Claimant was accompanied by a witness, and that Claimant countermanded Employer's instructions that his witness leave the meeting. The finding that these actions were the basis for Claimant's discharge, however, was the subject of much dispute and was contradicted by Claimant who attempted to show that he was not discharged for this incident, but for his previous refusal to submit the names of union supporters. It is clear, therefore, that the Board did not *disregard* the referee's finding on the ultimate factual issue—the cause of discharge—but rather *rejected* it in favor of its contrary finding that Claimant's discharge was the result of his prior "unsatisfactory" conduct. This the Board found was the reason for, or cause of, the discharge. Since under the Board's finding the meeting of November 10th was no longer relevant to a determination of eligibility, it was not necessary for the Board to state its reasons for disregarding the referee's other findings relating to this meeting.

The Board's acceptance of the Claimant's evidence as to the cause of his discharge over that offered by Employer was consistent with the Board's function as ultimate fact finder, and did not result in capricious disregard of competent evidence. *See Astro Warehousing, Inc. v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 126, 461 A.2d

340 (1983). Accordingly, we affirm the Board's decision granting benefits to Claimant.[4]

ORDER

Now, May 2, 1985, the order of the Unemployment Compensation Board of Review, No. B-215730-B, dated July 14, 1983, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

Judge BARRY concurs in the result only.

---

[4] Employer also contends that the Board was "improperly" influenced by evidence relating to charges filed by Claimant with the National Labor Relations Board. There is no indication in the Board's decision, however, that the Board relied upon this evidence in reaching its result.