505 A.2d 364

Thomas Wideman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *James K. Bradley,* Associate Counsel, for respondent.

OPINION BY JUDGE COLINS, February 20, 1986:

Thomas Wideman (claimant) appeals from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the grounds of willful misconduct and violation of Section 402(e) of the Unemployment Compensation Law (Act).[1] The Board in this case

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

reversed the referee's award of benefits and made new findings of fact.

Claimant was employed by the Pennsylvania Liquor Control Board (LCB) for seven (7) years, until January 28, 1983, when he was terminated for excessive tardiness. Claimant was late on four occasions in 1982; August 9, November 11, December 6, and December 11. Each tardiness was called in, and reasons given at the time, ranging from waiting for a landlord to repair a lock (August 9) to not having bus fare and having to walk (November 11), to difficulties with the transit line (December 6, December 11). A period of nearly fifty (50) days elapsed between the alleged misconduct, *e.g.*, claimant's last tardiness, and his ultimate termination.

The record indicates that claimant was discharged in part because of a prior history of tardiness for which he had received five (5) reprimand letters and five (5) suspensions, each progressively more severe;[2] the most recent being a five-day suspension in February of 1982, for an unreported lateness in late 1981. In terms of warnings, claimant received a letter in February of 1982, warning him against similar conduct, but which did not specify the putative sanctions, stating only that he would be subject to further discipline if he was late and failed to call in. Also, a new supervisor came on board in November of 1982, and warned all of the employees in the store where claimant worked that lateness would be reported promptly to Harrisburg.

The burden of proving willful misconduct is upon the employer. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where the party with the burden of

---

[2] The suspensions progressed from one day to three days to five days.

proof prevails before the Board, our scope of review is limited to determining whether substantial evidence supports the Board's necessary findings of fact or whether an error of law was committed. *Dempsey v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 524, 499 A.2d 740 (1985).

In cases where absence or tardiness constitutes the alleged misconduct, a showing of either chronic tardiness or tardiness in the face of an express warning will suffice to deny a terminated claimant benefits. *See Verner v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 138, 471 A.2d 139 (1984).

Counsel for claimant argues first that because a fifty-day period elapsed between the final tardiness and the actual termination, and almost a year between the final suspension and the actual termination, the LCB is barred as a matter of law by the remoteness doctrine from relying on tardiness as a cause for termination. *Compare Comp. v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 577, 478 A.2d 503 (1984) (a two-day suspension for unauthorized absences one year prior to employee's dismissal too remote to support denial of benefits); *Panaro v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 19, 413 A.2d 772 (1980) (burden is on employer to show conduct not too remote); *Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979) (25 days between incident and termination too remote to support denial of benefits) *and Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976) (eight months too remote to support denial of benefits) *with Bivins v. Unemployment Compensation Board of Review*, 79 Pa. Commonwealth Ct. 643, 470 A.2d 662 (1984) (where employer has no reason to

learn of the conduct until later, the time will be extended).

The Board argues that the *Tundel* doctrine is inapposite to this case because action was taken immediately with respect to claimant's tardiness by his immediate supervisor and any delay was occasioned by the nature of the administrative review process. We agree. In *Tundel,* the employer delayed for no apparent reason and the claimant had no idea that his past conduct was still jeopardizing his employment. Here, the record shows that a recommendation to dismiss claimant was made as early as December 29, 1982, and subsequent delay was occasioned by a process of administrative review and approval. Moreover, the claimant was well aware or should have been well aware that he was not "safe" until the required review had been completed. The LCB had presented testimony that it was the normal practice to have an administrator review employee "cards" each time absences were reported to the central office. The testimony further indicated that discipline was usually a consequence of a certain number of absences, and that this process took about two months to complete. We further note that since claimant had been disciplined before, in the same fashion, he was on constructive notice that two months would elapse between his absence and his discipline. Consequently, the *Tundel* argument is inapposite.

Claimant next urges that four latenesses cannot as a matter of law constitute willful misconduct and that the Board's findings regarding an express warning or known policy are unsupported by the record or by law.

The standard for *de minimis* tardiness to constitute willful misconduct is that an "express warning" must be given that another tardiness or absence will result in discharge if repeated. *See Corbin v. Unemploy-*

*ment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 218, 486 A.2d 1068 (1985) ; *Schlappich v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 472, 485 A.2d 855 (1984). Here, there was a standard policy of reviewing absenteeism and tardiness records on a regular basis and meting out progressively more severe discipline. As this Court has held, "occasional tardiness is insufficient to support the legal conclusion of willful misconduct and *a finding of occasional lateness without concomitant evidence and findings of promulgated standard policy or warnings of the consequences will not support the denial of benefits."* *Verner v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 138, 142, 471 A.2d 139, 142 (1984) (emphasis added).

Here, such findings were made and were supported by substantial evidence on the record.[3] Thus, we are presented with the exception to the *Verner* situation in that while the employer may not have used the magic words "you will be fired if you are late again," the claimant was aware as a consequence of his prior suspensions of the policy to discipline progressively more severely even for minor absences and had been warned explicitly by letter and by his supervisor orally that he would be disciplined more severely if he was late and that any lateness would be reported to Harrisburg. The supervisor testified that he warned all store employees in November of 1982 that absences would be reported promptly to the Harrisburg LCB office. Claimant should have been aware that con-

---

[3] Counsel argues that the relevant findings were not supported by the record or law. We disagree. There was testimony before the referee as to the nature of LCB policy and review, and testimony by claimant's supervisor regarding his specific warning to claimant. Also, there is the prior history of discipline for tardiness which claimant readily admitted to. Since the Board's findings are based on substantial evidence, we cannot disturb them on appeal.

sequences could be expected subsequent to the process of review of his employee's card, and that such consequences could have encompassed termination in light of his past transgressions and disciplinary record.

Claimant next argues the Board erred in not finding he had good cause for his absences and in rejecting his testimony as not credible. The burden of showing good cause is on the claimant, *Elliott v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 107, 474 A.2d 735 (1984), and the scope of review where that burden is not met is whether errors of law are committed or constitutional rights are violated and whether the Board's findings of fact are consistent with one another and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Pagerly Detective and Security Agency, Inc. v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 92, 95, 492 A.2d 77, 79 n.3 (1985).

Claimant testified that he was late because he had to wait for his landlord to fix a lock on one occasion, because he had to walk to work a second occasion, and the third and fourth occasions because of transportation difficulties. He argues that the Board erred in not finding this testimony credible.

Absence or lateness on account of transportation difficulties may not in all cases support a finding of willful misconduct, *Price v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 110, 483 A.2d 1073 (1984); *Hubbard v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 285, 456 A.2d 1122 (1983). However, this is a factual determination which was resolved against claimant as the Board did not find his explanations credible. Good cause is an issue for the Board to resolve. *Solomon v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 400, 461

A.2d 1349 (1983). The Board, as ultimate factfinder, determines the weight and credibility of the evidence and is free to reject even uncontradicted testimony. *Swope v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 459, 497 A.2d 289 (1985). Questions of credibility and conflicts of testimony are to be resolved by the Board. *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983). We find based on our review of the record that the Board's findings as to good cause do not capriciously disregard competent evidence and that the findings are consistent with one another.

Claimant's final argument is that the Board disregarded the referee's findings and violated the limits set by *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982), which held that the Board could not disregard findings made by a referee based upon consistent and uncontradicted testimony without giving reasons for doing so. *See Sonat Marine, Inc. v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 404, 408, 499 A.2d 718, 720 (1985).

First, *Treon* is distinguishable. In the instant case, claimant's testimony was not exclusively relied upon by the referee. The decision and findings of the referee were specifically based upon the lack of an express warning, an issue upon which conflicting testimony was presented. Nor can we say after evaluating the record that claimant's testimony was completely consistent and uncontradicted as required to fit the *Treon* test.

Second, *Treon's* holding may be limited in its application here. The role of the Board as ultimate factfinder was recently reaffirmed by our Supreme Court in *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 261, 501 A.2d 1383 (1985). *Peak*

refused to extend the *Treon* analysis to cases of contradicted testimony and refused to bind the Board to the credibility determinations of the referee.

For the above reasons, the decision of the Board will be affirmed.

### ORDER

AND Now, this 20th day of February, 1986, the decision of the Unemployment Compensation Board of Review, Decision No. B-221264-B, filed July 12, 1984, is hereby affirmed.