648 A.2d 358

**LETTERKENNEY ARMY DEPOT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 1994.

Decided Sept. 14, 1994.

424

Danny R. Moye, for petitioner.

David B. Washington, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Letterkenny Army Depot (employer) appeals an Unemployment Compensation Board of Review order reversing a referee's decision and granting benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess. P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

The facts as the Board found them are not in dispute. Thomas Mack, a 12–year employee, worked as a high voltage lineman at Letterkenny, a United States Army installation. Over the weekend of May 15, 1993, while Mack and some friends were on a fishing trip, they found alongside the road a variety of items, including a bag of white powder and some scales, which someone else had lost. Mack tossed the items into his truck and drove to work with them on May 17, 1993. On a random search using drug-sniffing dogs, the employer uncovered the items Mack found on his fishing trip as well as other drug paraphernalia in the truck. Mack thereupon voluntarily entered a substance abuse rehabilitation center and remained there for 17 days. In the interim, the employer sent the items recovered from Mack's truck to the State Police Laboratory for testing. On June 9, the lab reported that most of the items tested positive for controlled substances, and that one was a common cocaine cutting agent.

After release from his rehabilitation treatment, Mack was allowed to return to work, but in a different assignment pending the employer's decision on what disciplinary action to

take against him. The employer's policy provides a penalty of three-day suspension to outright removal for a first offense of introducing a controlled substance to the installation for personal use.

Although Mack had never had disciplinary action taken against him, the employer advised Mack by letter of July 6, 1993, that it proposed to terminate him. That letter also advised that "if this proposed action is sustained, it will be effective no earlier that thirty (30) calendar days from receipt of this notice," and instructed Mack on how to respond to the proposal to terminate him. On July 23, 1993, Mack resigned in lieu of discharge.

The Office of Employment Security allowed unemployment compensation but, on appeal by the employer, a referee reversed that determination. The Board, in turn, reversed the referee's decision and allowed compensation. The employer now appeals.

The Board found that the record established that Mack had drug-related paraphernalia in his truck at work and a substance Mack admitted he knew to be marijuana. The Board also found there was "only circumstantial evidence" that these items were for Mack's personal use, as was required, according to the Board, under the employer's policy of suspension or termination for possession of controlled substances. The Board concluded that the employer had condoned Mack's behavior because it did not immediately dismiss Mack, but instead allowed him to return to work. Under the circumstances, the Board determined, "there cannot be a conclusion of willful misconduct."

The employer raises three issues on appeal to this Court. First, it maintains the finding of misconduct contained in the Army's Notice of Proposed Removal, appearing as it does in a military document, constitutes a federal finding which is conclusive and beyond the Board's review. Second, if the "federal finding" is not binding on the Board, the Board's conclusion that Mack did not engage in willful misconduct is erroneous. Third, the Board erroneously concluded that the employer

condoned Mack's conduct in allowing him to return to work after charging him with a violation of its anti-drug policy.

We agree with the Board that findings made by a federal government entity are not conclusive on the state compensation authorities, *Lenns v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 48, 530 A.2d 528 (1987), and certainly a *conclusion* by federal authorities of employee misconduct is not binding upon the Board as a legal conclusion of disqualifying willful misconduct. We are unable to agree, however, with the Board's own conclusion that Mack is not disqualified from receiving unemployment compensation benefits under the willful misconduct provisions of the Law.

The Board's findings indicate that Mack knew of the employer's proscription against controlled substances on the installation. They also indicate that Mack carried illegal controlled substances onto the installation in his truck. The record reveals that Mack admitted to having "roaches" in the truck's ashtray and that he tried to conceal them when the search was being conducted. (Notes of Testimony, Referee's Hearing October 22, 1993, pp. 12–13).

The Board in its decision stated there was "only circumstantial rather than competent evidence" establishing that the items were for Mack's personal use. Whatever that phrase may mean, the Board acknowledges that "circumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct." (Board's brief at p. 11, citing *Heffelfinger v. Unemployment Compensation Board of Review,* 60 Pa.Commonwealth Ct. 280, 431 A.2d 380 (1981)).

That evidence notwithstanding, the Board considered it more important that Mack "was permitted to return to work for a significant amount of time even after the employer received a laboratory report showing a positive test of items for controlled substances." This fact was important to the Board because allowing Mack to return to work "implies condonation of [Mack's] offense." Therefore, the Board determined there could not be a conclusion of willful misconduct.

The Board relies on *Tundel v. Unemployment Compensation Board of Review*, 44 Pa.Commonwealth Ct. 312, 404 A.2d 434 (1979) for the proposition that conduct or an incident at work which is temporally remote from a claimant's termination cannot serve as a basis for denial of benefits due to willful misconduct.

We disagree, however, that the record reveals any implication that the employer condoned Mack's conduct. According to the facts as found by the Board, the employer found drugs in Mack's possession on May 17. Mack immediately entered a rehabilitation center for seventeen days. On June 9, the State Police lab issued its report on the substances found in Mack's truck. Mack was permitted to return to work but not allowed to resume his former job as a lineman, as the Board states, "pending the employer's decision as to what form of disciplinary action to take...." (Finding of Fact No. 10, Board decision, February 18, 1994). By letter of July 9, Mack was advised he would be terminated no earlier than thirty days hence.

There is no evidence in the record to indicate that the employer condoned Mack's conduct or even that Mack *was led to believe* that the employer condoned such conduct. Although in *Tundel* we reversed a denial of benefits when twenty-five days elapsed between the incident and termination, that case and those following it do not turn on mere length of time alone. As we explained in *Wideman v. Unemployment Compensation Board of Review*, 95 Pa.Commonwealth Ct. 218, 222, 505 A.2d 364, 367 (1986), "[i]n *Tundel,* the employer delayed for no apparent reason and the claimant had no idea that his past conduct was still jeopardizing his employment.... Moreover, the claimant was well aware or should have been aware that he was not 'safe' until the required review had been completed."

Likewise, the record here, and the findings of fact grounded on that record, render the argument based on our *Tundel* decision inapposite. Mack testified that after he returned to work upon discharge from the rehabilitation center, his union representative proposed that, in lieu of suspension or removal,

Mack undergo a two-year random drug monitoring program. The employer rejected this proposal. Mack was not allowed to return to his former position and he knew the employer had a disciplinary decision to make. (N.T., Referee's hearing, October 22, 1993, p. 16). There was no action on the part of the employer during this period that would imply "condonation."

Reversed.

## ORDER

AND NOW, this 14th day of September, 1994, the decision of the Unemployment Compensation Board of Review, No. B–322395, dated February 18, 1994, is hereby reversed.