# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,                                      :
                                    Petitioner             :
                                                          :
                        v.                                :    No. 1780 C.D. 2014
                                                          :    SUBMITTED:  March 27, 2015
Unemployment Compensation                                 :
Board of Review,                                          :
                                    Respondent            :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE LEADBETTER                         FILED:  September 17, 2015


           This is an appeal from an order of the Unemployment Compensation

Board of Review (Board), allowing benefits to claimant, Michael Waltenbaugh, a

police officer terminated by Allegheny County at the end of his probationary

period. The Board adopted the findings and conclusions of the Referee,

specifically:

> 1. The claimant was last employed by the County of
> Allegheny as a full-time Police Officer from July 9, 2012
> until his last day worked of December 30, 2013 at a final
> rate of pay of $25.00 an hour.
>
> 2. The claimant was arrested by the Pennsylvania State
> Police for driving under the influence of alcohol on July
> 31, 2013.

3. The claimant had been out drinking with friends.

4. The claimant's blood alcohol content was .165.

5. This was the claimant's second arrest for driving under the influence.

6. The claimant notified his Supervisor of that arrest on August 1, 2013.

7. The claimant was serving an eighteen-month probationary period until January 7 or 8, 2014.

8. The employer chose to wait until December 30, 2013 to discharge the claimant.

. . . .

There should be no question that breaking the Law is conduct contrary to the employer's best interests and that which it has a right to expect of its employees when the employer is a municipality and the employee is a full-time Police Officer. But the Courts in Pennsylvania have long held that "an alleged incident of willful misconduct cannot be the basis for a denial of benefits if it is remote in time from discharge; a lengthy delay between the infraction and dismissal suggests that the conduct complained of was not the cause of termination." That suggestion can, of course, be overcome by testimony explaining the delay. For instance, starting an investigation can explain the delay. But the County conducted no investigation in this case. The cases demand that there is no action on the part of the employer indicating that it condoned the claimant's conduct. This generally means that the worker was suspended during the period of the investigation. In this case, the claimant was allowed to work. Consequently, the suggestion that the arrest for driving under the influence was not the cause of the termination has not been rebutted by the employer and benefits cannot be denied.

Referee's decision (mailed March 14, 2014).

In its brief on appeal, the County raises two issues: whether the Board erred in failing to remand because the Referee failed to address Section 3 of the Unemployment Compensation Law [relating to non-work related misconduct][1] or to investigate the facts of Waltenbaugh's discharge under Section 3. The County argues that although Waltenbaugh was off-duty when he violated the law, his action amounted to willful misconduct under Section 3, rendering him ineligible for benefits.

What the County fails to recognize is that the Referee specifically found willful misconduct, but nonetheless awarded benefits because of an unexplained delay between the misconduct and Waltenbaugh's firing. Thus, the arguments advanced by the County are entirely irrelevant to the Board's decision. Since the County has not challenged the Board's holding that an award of benefits was proper based on the extended delay between Waltenbaugh's misconduct and his termination,[2] that issue is not before us,[3] and we are constrained to affirm the Board's order.

 

                                                                        
**BONNIE BRIGANCE LEADBETTER,**
Judge

Judge McCullough did not participate in the decision in this case.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 752.

[2] *See, e.g., Raimondi v. Unemployment Comp. Bd. of Review,* 863 A.2d 1242 (Pa. Cmwlth. 2004); *Tundel v. Unemployment Comp. Bd. of Review,* 404 A.2d 434 (Pa. Cmwlth. 1979).

[3] In its Petition for Review, the County obliquely touched on this issue by stating, "[t]he Referee also erred in not considering the Employer's right to use its probationary period to adjudge the Claimant's conduct and ability to serve as a police officer in the Commonwealth of PA." Petition for Review at 3. However, no such argument was made in its appeal to the Board nor in its brief to this Court. Accordingly, it is waived. *See Jimoh v. Unemployment Comp. Bd. of Review*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006); *Schneider v. Unemployment Comp. Bd. of Review*, 523 A.2d 1202, 1204 (Pa. Cmwlth. 1987).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,             :
             Petitioner     :
                              :
             v.             :    No. 1780 C.D. 2014
                              :
Unemployment Compensation    :
Board of Review,            :
             Respondent   :

## **O R D E R**

AND NOW, this 17th day of September, 2015, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny,                          :
                            Petitioner        :
                                              :
            v.                                :
                                              :
Unemployment Compensation                     :
Board of Review,                              :    No. 1780 C.D. 2014
                            Respondent        :    Submitted: March 27, 2015


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

DISSENTING OPINION BY
JUDGE COVEY                                   FILED: September 17, 2015


            I respectfully dissent.  The Majority maintains that the Remoteness
Doctrine issue is waived because "the arguments advanced by [Allegheny] County
[(County)] **are entirely irrelevant** to the Board's decision."  Majority Op. at 3
(emphasis added).  Specifically, the Majority concludes that "[s]ince the County has
not challenged the Board's holding that an award of benefits was proper **based on the
extended delay** between the claimant's misconduct and his termination, that issue is
not before us[.]"  *Id.* (emphasis added; footnote omitted).

            However, in its Petition for Review, the County expressly stated:

            At [the Referee] hearing, the now former Referee Simon
            erred by focusing solely on what he **wrongly perceived as
            a delay in Claimant's discharge**. . . .  The Referee also
            erred in not considering the Employer's right to use its
            probationary period to adjudge the Claimant's conduct and
            ability to serve as a police officer in the Commonwealth of
            P[ennsylvania].

Petition for Rev. at 3 (emphasis added).[1]  In addition, although including it under the heading entitled: "Referee Erred [i]n Failing [t]o Make the Critical Findings [o]f Fact Pursuant [t]o Section 3 [o]f [t]he [Unemployment Compensation (UC)] Law"[2] in its brief, the County specifically argued: "The undisputed evidence before the Board showed that the Superintendent could impose differing disciplinary measures under the Probationary Period Policy and that the employer complied with this Policy in making the discretionary termination of the Claimant **at the end of the [p]eriod**." County Br. at 10, 12-13 (emphasis added).

Indeed, the delay issue is so intertwined in the County's arguments that the Board devoted an entire argument in its brief to discuss the issue, entitled: "THE BOARD PROPERLY GRANTED CLAIMANT BENEFITS UNDER SECTION 402(e) OF THE [UC] LAW[3] BECAUSE **THE SPECIFIC REASON FOR DISCHARGE WAS TEMPORALLY REMOTE FROM THE ULTIMATE DISMISSAL**." *See* Board Br. at 7-10 (emphasis added).  Thus, I believe to affirm such a clear error in law on the basis of waiver in this instance is against the interests of justice and the purpose of the UC Law.

Specifically at issue is the use of the Remoteness Doctrine to approve UC benefits for a claimant who was clearly terminated from his employment for willful misconduct.  Michael R. Waltenbaugh (Claimant), a probationary police

---

[1]     Effective January 1, 2015, [Pennsylvania] Rule [of Appellate Procedure] 1513(d) was amended by the Supreme Court and now states that a petition for review must contain 'a general statement of the objections to the order or other determination, but **the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record**.'  Pa. R.A.P. 1513(d) (Revised Rule).

*Morgan v. Unemployment Comp. Bd. of Review*, 108 A.3d 181, 186 (Pa. Cmwlth. 2015) (emphasis added).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 752.

[3] 43 P.S. § 802(e).

AEC - 2

officer, was fired after being arrested for driving under the influence (DUI). The arrest occurred on July 31, 2013. Claimant informed the County of his arrest on August 1, 2013. Claimant was not charged criminally with the DUI until November 6, 2013. On December 5, 2013, Claimant waived a Preliminary Hearing and, on December 25, 2013, he accepted a First Class Summons. The County terminated Claimant's employment on December 30, 2013, approximately one week before his probationary period ended on January 7 or 8, 2014. Claimant's first DUI hearing was not scheduled until after his discharge.

The Board concluded that because the County did not conduct its own investigation outside of the criminal justice system or take some other action, but rather chose to follow its own probationary policy, the County's decision to terminate Claimant for his alleged DUI was too remote. The Board relied on *Tundel v. Unemployment Compensation Board of Review,* 404 A.2d 434 (Pa. Cmwlth. 1979), and its progeny in concluding that because there was a remoteness in time between Claimant's DUI arrest and his employment termination, his DUI arrest could not be the basis for a denial of UC benefits. We acknowledge that the law is well-established that "[w]here there is **an *unexplained* substantial delay** between the claimant's misconduct and the employer's act to terminate the claimant, the remoteness doctrine will preclude an employer from seeking a denial of benefits based on allegations of willful misconduct." *Raimondi v. Unemployment Comp. Bd. of Review,* 863 A.2d 1242, 1247 (Pa. Cmwlth. 2004) (emphasis added). However, the *Raimondi* Court clarified therein:

> [W]here the **record establishes an explanation for the delay**, such as the lengthy nature of the employer's administrative review process, **and there is no action on the part of the employer indicating that it condoned** the claimant's conduct, the remoteness **doctrine does not apply** to preclude a denial of benefits.

*Id.* (emphasis added). The *Raimondi* Court suggested that an employer's investigation is one reason for delay, but did not make that a requirement.

Here, the Board appears to have imposed upon the County an obligation to investigate the DUI allegations even though Pennsylvania has a well-established criminal procedure to address such charges.[4] Contrary to the Board's conclusion, the record evidence provides an explanation for the delay, and does not establish that the County condoned Claimant's conduct, or that the DUI was not the reason for Claimant's employment termination. Moreover, as Claimant was nearing the end of his probationary period and was still not cleared of the criminal charges, it was reasonable for termination to occur at that time. Under such circumstances, "the remoteness doctrine does not apply." *Raimondi,* 863 A.2d at 1247.

For the above-stated reasons, I believe the Board committed an error of law in finding Claimant eligible for UC benefits based on the remoteness doctrine. Accordingly, I would reverse.

_____
ANNE E. COVEY, Judge

_____

[4] In *Mari v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 945 C.D. 2012, filed January 4, 2013), the claimant was arrested for drug-related offenses. The claimant notified the employer in May 2011, after the arrest appeared in the local newspaper. The employer suspended the claimant for several days, but returned him to work thereafter. Five days after his guilty plea in October 2011, the employer "acted upon the advice of legal counsel, terminating [the c]laimant's employment upon the conclusion of his legal proceedings." *Id.* at slip op. 8-9. The claimant argued that the remoteness doctrine applied. However, this Court deemed the remoteness doctrine inapplicable because the record established a valid reason for the delay (pending criminal process) and there was no indication that the claimant's conduct was condoned (despite his return to work after suspension and his conduct was not reflected on his performance evaluation).

We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures.