IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra L. Joyce,               :
             Petitioner        :
                                    :
         v.                     :
                                    :
Unemployment Compensation    :
Board of Review,              :    No. 2559 C.D. 2015
             Respondent     :    Submitted: August 5, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                FILED: December 21, 2016


Petitioner Sandra L. Joyce (Claimant) petitions for review of an order of the Unemployment Compensation (UC) Board of Review (Board), affirming a decision of an Unemployment Compensation Referee (Referee) that denied her claim for UC benefits pursuant to Section 401(d)(1) of the UC Law (Law).[1] On appeal, Claimant argues the Board erred in its determination that Claimant was not able and available for suitable work. For the reasons set forth below, we affirm the Board's order.

Claimant filed for unemployment compensation benefits on June 21, 2015, after taking a three-month leave of absence from her employment as a hair stylist for Creative Hairdressers, Inc. (Employer). The purpose of Claimant's leave

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1), which provides in relevant part that a claimant must be "able to work and available for suitable work…" to be eligible for UC benefits.

of absence was to care for her elderly mother, who lived in California. (Hearing Transcript (Hr'g Tr.) at 5, Record (R.) Item 11.) Claimant intended to return to her job once her leave of absence ended. (Hr'g Tr. at 6.) In her initial telephone interview, Claimant was asked to explain how she was able and available to work. (Claimant's Oral Interview at 1, R. Item 3.) Claimant responded, "I need to be with my mother all of the time for now. I hope to get her placed in a better residence and then get her surgery done. After she is moved and has her surgery, **I hope to be able and available for work again**." *Id.* (emphasis added).

The Erie UC Service Center (Service Center) issued a determination that Claimant had a necessitous and compelling reason for taking a leave of absence and was not ineligible for benefits under Section 402(b) of the Law.[2] (Notice of Determination at 1, R. Item 6.) The Service Center further determined that Claimant was able to work but not available for suitable work and, therefore, ineligible for benefits under Section 401(d)(1) of the Law. *Id.* The Service Center ruled that where Claimant was both eligible and ineligible for benefits, the disqualifying Section took precedence over the eligibility Section and Claimant was ineligible for benefits. *Id.* Claimant appealed the Service Center's determination. (Petition for Appeal, R. Item 7.)

A telephonic hearing was held before a Referee on August 28, 2015. Claimant testified on her own behalf, and Employer presented the testimony of its manager. Claimant testified as follows: She began working for Employer in April 2003, with her last day of work either June 16, 2015 or June 20, 2015. (Hr'g Tr. at 5.) Claimant's mother needed help with medical appointments and shopping, and

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended,* 43 P.S. § 802(b), which provides in relevant part that a claimant is ineligible for compensation for any week in which "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature…."

was going to have surgery on her eyes. *Id*. Claimant was the only person available to take care of her mother, and she started looking for another job "a couple of weeks" after arriving in California. *Id*. at 6. Since her mother did not need twenty-four hour care, Claimant was interviewing people who could assist her mother once Claimant returned to Pennsylvania. *Id*. at 7. Claimant had not returned to Pennsylvania as of the date of the hearing because along with helping her mother move, her mother also had other doctors appointments scheduled. *Id*. Claimant answered in the affirmative when asked if she believed herself able to find work on a temporary basis while helping with this move, interviewing caregivers, and preparing to return to Pennsylvania in September. *Id*. at 8.

Following the hearing, the Referee affirmed the determination of the Service Center. (Referee Decision at 1, R. Item 12.) The Referee stated she "[did] not find [C]laimant credible that she was able and available for suitable work while in California," and further found that Claimant was not realistically attached to the labor market while there. *Id*. at 2. Claimant's stay in California was temporary and, during those three months, according to the Referee, "she provided very time consuming services for her mother … [and] could not realistically search for, interview for, and obtain employment while fulfilling her other obligations." *Id*. The Referee therefore did not believe it reasonable to conclude "[C]laimant would find employment on such a temporary basis and with such limited and sporadic availability." *Id*.

Claimant appealed the Referee's decision to the Board, which affirmed. On appeal,[3] Claimant argues the Board erred in affirming the Referee's

---

[3] Our review of the Board's Order "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review,* 87 A.3d 1006 (Pa. Cmwlth. 2014).

finding that she was not able and available for suitable work because of the activities she provided for her mother.

## DISCUSSION

An unemployed worker who registers for unemployment compensation is presumed to be able and available for work. *Penn Hills Sch. Dist. v. Unemployment Comp. Bd. of Review*, 437 A.2d 1213, 1216 (Pa. 1981). "This presumption is rebuttable by evidence that a claimant's physical condition limits the type of work [s]he is available to accept or that [s]he has voluntarily placed other restrictions on the type of job [s]he is willing to accept." *Rhode v. Unemployment Comp. Bd. of Review*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). If the presumption is rebutted, "the burden shifts to the claimant to produce evidence that [s]he is able to do some type of work and that there is a reasonable opportunity for securing such work." *Id.* In short, the claimant must show that she "is ready, willing, and able to accept some suitable work." *Id.*

In the case *sub judice,* Claimant indicated in her Internet Initial Claims filed on June 21, 2015 she was able and available for work and would be seeking temporary employment in California. (Claimant's Internet Initial Claims at 4, R. Item 2.) In her subsequent telephone interview which took place on June 29, 2015, Claimant stated she hoped "to be able and available for work again." (Claimant's Oral Interview at 1.) With this second statement, Claimant rebutted the presumption that she was able and available for suitable work at that time. Accordingly, Claimant had to produce sufficient evidence she was thereafter ready, willing, and able to accept suitable work.

On August 28, 2015, Claimant testified during the telephonic hearing before the Referee that her initial statement was prior to "assess[ing] the situation"

4

with her mother. (Hr'g. Tr. at 6.) After she "watched her for a little bit," Claimant understood that her mother did "not need 24 hour care…" *Id.* at 5. Claimant further testified that she was "available and willing to and able to work," *id.* at 4, that she began to look for work in California "a couple of weeks after [she] arrived [to help her mother]," *id.* at 6, and that the kind of work she believed she would be able to find in California on a temporary basis was in "customer service, administrative work, [and as] a hair stylist." *Id.* at 8.

The Board adopted the Referee's findings of fact which are "conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Treon v. Unemployment Comp. Bd. of Review,* 453 A.2d 960, 962 (Pa. 1982). Substantial evidence is defined as "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Morgan v. Unemployment Comp. Bd. of Review*, 108 A.3d 181, 185 (Pa. Cmwlth. 2015). This Court is bound to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony to determine if substantial evidence exists for the Board's findings. *Id.* Even where there is contrary evidence of record, the Board's findings of fact are binding upon the Court where supported by substantial evidence. *Id.* Here, the Board did not find credible Claimant's testimony that she was able and available for suitable work. The Board noted the temporary nature of Claimant's stay in California and the time-consuming activities Claimant performed for her mother. (Referee Decision at 2.)

The only evidence presented by Claimant to support her ability and availability to find suitable work was her testimony. She testified she was able and available to work, that she had been looking for work, and that her mother did not

need twenty-four hour, seven-day-a-week care. (Hr'g Tr. at 6.) Claimant also provided testimony that she was interviewing people for a part-time caretaker position, taking her mother to medical appointments, and had helped her mother look for and move to a new residence. *Id.* at 7. The Referee, and Board in its affirmation of the Referee's decision, did not find credible Claimant's testimony that she would be able to search for, interview for, and obtain temporary employment while fulfilling these obligations.

The Board specifically argues in its brief that Claimant "is unable and unavailable for suitable work where the time-consuming services she provided for her mother, coupled with the temporary nature of her stay in California, caused her to lack a genuine and realistic attachment to the labor market" with no supporting factual basis. (Respondent's Br. at 1.) However, in *Myers v. Unemployment Compensation Board of Review*, 330 A.2d 886, 888 (Pa. Cmwlth. 1975), we noted that a claimant is not required to be available for full-time or permanent employment. "So long as the claimant is ready, willing and able to accept some substantial and suitable work [s]he has met the statutory requirements…. It is sufficient if [s]he is able to do some type of work, and there is a reasonable opportunity for securing such work in the vicinity in which [s]he lives." *Id.*, quoting *Bliley Electric Co. v. Unemployment Comp. Bd. of Review,* 45 A.2d 898, 905 (Pa. Super. 1946). Therefore, taken alone, the temporary nature of Claimant's stay in California does not bar a finding that she is ready, willing, and able to accept substantial and suitable work.

Someone who provides active care of a family member can be "realistically attached to the labor market," as this is a quite common experience for many of our fellow citizens, who seek and find employment while continuing

to provide needed, essential and "time consuming services" for their families. This is the state of modern life for countless people.

Nevertheless, in examining the testimony regarding the performance of Claimant's duties for her mother in the light most favorable to Employer, we find substantial evidence exists to support that Claimant was not able or available to work on June 21, 2015, when Claimant applied for benefits, or on June 29, 2015, when she stated she hoped to be able and available to work soon. The Board concluded that Claimant was not credible and she was able and available for suitable work. Credibility determinations regarding witnesses are exclusively within the province of the Board as the fact finder in unemployment cases and this Court will not disturb the Board's credibility determinations on appeal. *Melomed v. Unemployment Comp. Bd. of Review*, 972 A.2d 593, 595 (Pa. Cmwlth. 2009). [4]

For these reasons, the Order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

Judge Covey concurs in the result only.

---

[4] Nothing in this opinion should be construed as prohibiting Claimant from applying for benefits for those weeks in which she was able and available for suitable work and actively seeking such work.

Sandra L. Joyce,                 :
           Petitioner        :
                                     :
             v.                   :
                                     :
Unemployment Compensation    :
Board of Review,                 :      No. 2559 C.D. 2015
           Respondent     :

## O R D E R

AND NOW, this 21st day of December, 2016, the Order of the Unemployment Compensation Board of Review is affirmed.

_____
JOSEPH M. COSGROVE, Judge