# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betres Group, Inc., : 
                Petitioner : 
                : 
        v. : No. 1607 C.D. 2016 
              : Submitted: February 5, 2018 
Unemployment Compensation : 
Board of Review, : 
            Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED:  February 26, 2018**


Betres Group, Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) concluding that Robert L. Solari (Claimant) was not ineligible for unemployment compensation benefits under Section 402(e) the Unemployment Compensation Law (Law)[1] because Employer condoned Claimant's actions by waiting too long to discharge Claimant. We conclude that the record does not support the Board's conclusion that Employer condoned Claimant's actions and we accordingly reverse the Board's order.

Claimant was employed by Employer as a full-time stock person/distributor/warehouse manager from April 1, 2007 to May 16, 2016. (Board

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to willful misconduct connected to his or her work. *Id*.

Decision and Order, Finding of Fact (F.F.) ¶1.) Claimant used an Employer cargo van to perform his job duties, which included making deliveries to the 11 Hallmark stores that Employer operated, but he was not authorized to use the van for personal reasons. (*Id.*, F.F. ¶¶2-3; Hearing Transcript (H.T.) at 7, 13, Reproduced Record (R.R.) 12a, 18a.) Based on concerns regarding Claimant's use of the van, Employer issued Claimant a new smart phone that allowed Employer to track Claimant's location via GPS. (Board Decision and Order, F.F. ¶4; H.T. at 7, R.R. 12a.) On May 16, 2016, Employer discharged Claimant based on four instances between April 8, 2016 and May 16, 2016 in which it believed that Claimant was using the van for personal reasons while also recording on his time sheets that he was working during these periods. (Board Decision and Order, F.F. ¶¶5-9.)

Claimant filed an initial claim for unemployment compensation benefits with the Department of Labor and Industry on May 23, 2016. (Certified Record Item 1, Claim Record.) The Unemployment Compensation Service Center issued a determination on June 6, 2016 finding Claimant ineligible for benefits under Section 402(e) of the Law. (R.R. 3a.) Claimant appealed and a hearing was held before a Referee on July 11, 2016, at which Claimant testified. Employer presented three witnesses at the hearing, its Vice President, District Manager and Office Manager, and introduced various exhibits, including printouts of maps showing Claimant's location according to the GPS on his work phone and copies of Claimant's time sheets from relevant days. (Hearing Exhibits 8-15, 19, R.R. 51a-66a, 73a.)

On July 29, 2016, the Referee issued a decision affirming the Service Center determination that Claimant was ineligible for benefits, concluding that Employer had met its burden of proof to establish that Claimant was discharged for

2

willful misconduct under Section 402(e) of the Law. (Referee Decision and Order, Reasoning at 2-3, R.R. 36a-37a.) The Referee found that on April 8, May 6, May 13 and May 16, 2016, Claimant used the company vehicle for personal reasons and reported time on his time sheets when he was not in fact working. (*Id*., F.F. ¶¶4-10, R.R. 35a-36a.)

Claimant appealed the Referee's decision to the Board, which issued its decision on August 30, 2016. The Board's findings were largely in agreement with those of the Referee, except that the Board found that Claimant had only engaged in three instances of improper use of the company vehicle.[2] The Board found that on April 8, 2016, Claimant clocked in at work at 7:55 a.m. and recorded on his time sheet that he began work at 8:00 a.m., but he drove in the cargo van to the office of his insurance company where he paid a bill, and left the insurance company at 8:20 a.m. (Board Decision, F.F. ¶5.) The Board further found that on May 6, 2016, Claimant drove in the van to his residence and on May 13, 2016, Claimant drove to a park in the van and took an extremely long route back to Employer's facility. (*Id*., F.F. ¶¶6, 7.) The Board found, however, that Claimant did not act improperly on May 16, 2016 when he drove in an extremely long route back to Employer's facility, concluding that Claimant's actions were justified on this occasion because he took a route back to Employer's facility that would avoid traffic at a school and stopped at a construction site for a bathroom break. (*Id*., F.F. ¶8, Discussion at 2.)

---

[2] In unemployment compensation proceedings, the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Kelly v. Unemployment Compensation Board of Review*, 172 A.3d 718, 725 (Pa. Cmwlth. 2017). Neither Employer nor Claimant, who intervened in this appeal and filed a brief in support of the Board's findings, disputes the Board's findings of fact and therefore those findings are binding on appeal. *Rodriguez v. Unemployment Compensation Board of Review*, 174 A.3d 1158, 1163 (Pa. Cmwlth. 2017).

Notwithstanding its finding of Claimant's unauthorized use of the work van on April 8, May 6 and May 13, 2016 for personal reasons, the Board concluded that Employer had condoned Claimant's behavior by waiting until May 16, 2016. (Board Decision, Discussion at 2.) Therefore, the Board determined Employer had not shown that Claimant's discharge was based on willful misconduct under Section 402(e) of the Law, reversing the Referee's decision and restoring Claimant's benefits. (*Id*., Discussion at 2, Order.)

Employer argues in its appeal that the Board erred in finding that it condoned Claimant's personal use of Employer's work vehicle.[3] Employer argues that the record is devoid of any evidence that it took any action that would have led Claimant to believe that it condoned or tolerated his personal use of the work vehicle. Furthermore, Employer contends that it did not simply sit idly from the first incident of personal use of the work vehicle on April 8, 2016 until May 16, 2016 when Employer terminated Claimant, but instead continued to monitor Claimant's whereabouts and observed two additional incidents of work misconduct. Employer argues that the delay of 38 days from the April 8, 2016 incident, or indeed the 3-day delay from the last incident on May 13, 2016 to Claimant's discharge, was not so substantial that it should be prevented from denying Claimant's benefits claim based on willful misconduct.

In unemployment compensation cases, the burden of proving willful misconduct falls on the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Scott v. Unemployment*

---

[3] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated, and necessary findings of fact are supported by substantial evidence. *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 710 n.4 (Pa. Cmwlth. 2013).

*Compensation Board of Review*, 36 A.3d 643, 647 (Pa. Cmwlth. 2012). Willful misconduct is defined by the courts as (i) an act of wanton or willful disregard of the employer's interest; (ii) a deliberate violation of the employer's rules; (iii) a disregard of standards of behavior which the employer has a right to expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Caterpillar*, 703 A.2d at 456; *Scott*, 36 A.3d at 647. Whether a claimant's actions constitute willful misconduct is a question of law subject to this Court's review. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996). A claimant's falsification of time sheets to claim more work than was actually performed constitutes a willful disregard of the employer's interests and the standards of behavior which the employer had a right to expect of its employees. *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418-19 (Pa. 2001) (falsification of time sheets to receive pay for hours not worked constitutes a disregard of the employer's interests tantamount to theft as to which no good cause defense is applicable); *Melomed v. Unemployment Compensation Board of Review*, 972 A.2d 593, 595 (Pa. Cmwlth. 2009) ("Pennsylvania Courts have long held [that] a knowing falsehood or misrepresentation to the employer concerning the employee's work constitutes a willful disregard of the employer's interest and a departure from the standards of behavior an employer can rightfully expect of an employee, and therefore is willful misconduct under the statute.").

Even where the claimant engages in willful misconduct, the employer can still be barred from denying an unemployment compensation benefits claim based on willful misconduct where the employer tolerates the behavior or where it waits too long to discharge the claimant. At issue in such cases are the two

5

interrelated and overlapping concepts of condonation and the "remoteness doctrine." This Court has long held that an employer's prior condonation or tolerance of a rule violation may prevent a claimant from being disqualified from receipt of unemployment compensation benefits. *See, e.g., Great Valley Publishing v. Unemployment Compensation Board of Review*, 136 A.3d 532, 537-39 (Pa. Cmwlth. 2016) (a claimant's personal use of her work computer contrary to work policy did not constitute willful misconduct under Section 402(e) because employer acknowledged that it tolerated non-excessive personal use by employees and the claimant credibly testified that she believed her minimal usage was permissible under the policy as enforced); *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 417 A.2d 1311, 1314-15 (Pa. Cmwlth. 1980) (a claimant could not be disqualified from benefits based on willful misconduct for failure to report absences to the employer's main building where the employer had a long history of tolerating an informal practice of permitting absent employees to report to their co-workers who would then pass the message along to the employer). An employer's tolerance of the employee's conduct need not be explicit; thus, in *O'Keefe v. Unemployment Compensation Board of Review,* 333 A.2d 815 (Pa. Cmwlth. 1975), we held that an employee cannot be disqualified for benefits based on willful misconduct when a supervisor observes employees breaking a work rule repeatedly over a period of time and never advises the employees to not engage in such behavior. *Id*. at 818. However, to be found to have condoned an employee's conduct, there generally must be some evidence in the record that the employer directly communicated to the employee that it condoned or permitted the conduct or that the employer took some action that led the employee to believe that the

6

employer condoned such conduct. *Letterkenney Army Depot v. Unemployment Compensation Board of Review*, 648 A.2d 358, 361 (Pa. Cmwlth. 1994).

Under the remoteness doctrine, "[a]n incident of willful misconduct cannot be so temporally remote from the ultimate dismissal and still be the basis for a denial of benefits." *Tundel v. Unemployment Compensation Board of Review,* 404 A.2d 434, 436 (Pa. Cmwlth. 1979). No exact timeframe has been established when a decision to discharge an employee becomes too temporally remote, but in *Tundel*, this Court held that an employer's delay of 25 days to fire an employee for misconduct was sufficiently long to preclude the employer from invoking Section 402(e) of the Law to deny benefits. *Id*.; *see also Panaro v. Unemployment Compensation Board of Review,* 413 A.2d 772, 774 (Pa. Cmwlth. 1980) (an employer's delay of one to two months from date of the alleged misconduct until discharge was too remote to constitute a basis for denial of benefits). More recently, however, in *Raimondi v. Unemployment Compensation Board of Review,* 863 A.2d 1242 (Pa. Cmwlth. 2004), we clarified that the remoteness doctrine will bar an employer from invoking willful misconduct to deny benefits only where there was an "*unexplained* substantial delay" between the misconduct and the discharge. *Id*. at 1247 (emphasis in original); *see also Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 721 (Pa. Cmwlth. 2013). Engaging in an administrative review process or an active investigation of the misconduct can constitute a sufficient explanation for the delay. *Henderson*, 77 A.3d at 721-22 (delay of three to four-and-a-half months from the date of two incidents to discharge was sufficiently explained by the employer's administrative review process, which required review of documents, interviews and an investigation of allegations in the claimant's response letter); *Raimondi*, 863 A.2d at 1247 (delay of two-and-a-half

7

months was sufficiently explained by investigation and administrative review process regarding the claimant's misconduct); *Department of Transportation v. Unemployment Compensation Board of Review*, 755 A.2d 744, 746, 749 (Pa. Cmwlth. 2000) (termination was not too remote where employer immediately began an investigation upon receiving a patent infringement notice for a piece of equipment it developed and terminated the claimant seven months later after the investigation concluded that claimant had improperly claimed the patent for himself).

The record in this matter lacks any support for the conclusion that Employer condoned Claimant's personal use of the work vehicle. The record is devoid of any indication that Employer communicated to Claimant that it was aware that he was using the work vehicle for personal errands, let alone that it permitted or tolerated such behavior. Similarly, Claimant did not argue, nor was there any evidence presented that would support such an argument, that he reasonably believed that Employer either tacitly or expressly permitted him to use the work vehicle for personal reasons.

Furthermore, the record does not support the Board's finding that the incidents of personal use of the work vehicle were so remote in time from Claimant's discharge such that Employer should be precluded from raising a willful misconduct defense to his benefits claim. Employer first gathered GPS evidence of Claimant's personal use of the work vehicle on April 8, 2016. Following this first incident, Employer did not sit idly but instead continued to closely monitor Claimant's use of the work vehicle. (*See* H.T. at 7, R.R. 12a ("At that point [following the April 8, 2016 incident], we started to track it very, very closely and we only pulled some of the GPS readings. There were many, many more.").) Employer observed and collected evidence regarding two additional incidents of personal use of the

8

company vehicle, including an incident on May 6, 2016 and the final incident occurring on Friday, May 13, 2016, three days before his discharge on Monday, May 16, 2016. Even if we were to assume that the 38-day delay between the first incident of unauthorized use on April 8, 2016 and Claimant's discharge was substantial enough to invoke the remoteness doctrine, Employer's continued and active investigation of Claimant in which it uncovered two more incidents of misconduct constituted a satisfactory and reasonable explanation for the delay.

Accordingly, because it is uncontroverted that Claimant engaged in unauthorized personal use of the work vehicle and falsified his time cards to reflect that he was working during the periods of personal use and because the record is entirely bereft of any support for the Board's conclusion that Employer condoned Claimant's personal use of the work vehicle, we conclude that the Board erred by granting unemployment compensation benefits to Claimant. The order of the Board is reversed.

_____
**JAMES GARDNER COLINS, Senior Judge**

Judge Fizzano Cannon did not participate in the decision of this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betres Group, Inc.,                                         :
                        Petitioner                          :
                                                            :
            v.                                              : No. 1607 C.D. 2016
                                                            :
Unemployment Compensation                                   :
Board of Review,                                            :
                        Respondent                          :

# **O R D E R**


AND NOW, this 26th day of February, 2018, the order of the Unemployment Compensation Board of Review in the above-captioned case is REVERSED.


_____
**JAMES GARDNER COLINS, Senior Judge**